UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

CHAD LEE REDDER,

        Petitioner,                    Case No. 1:24-cv-1002

v.                                              Honorable Ray Kent

BRYAN MORRISON,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Petitioner consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 7.) Section 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c).

This case is presently before the Court for preliminary review pursuant to 28 U.S.C. § 2253 and Rule 4 of the Rules Governing § 2254 Cases. The Court is required to conduct this initial review prior to the service of the petition. Rule 4, Rules Governing § 2254 Cases.

Service of the petition on the respondent is of particular significance in defining a putative respondent's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any

procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351.

Rule 4, by requiring courts to review and even resolve the petition before service, creates a circumstance where there may only be one party to the proceeding—the petitioner. Because Respondent has not yet been served, the undersigned concludes that Respondent is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review of the petition. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[1] Petitioner's consent is sufficient to permit the undersigned to conduct the Rule 4 review.

The Court conducts a preliminary review of the petition under Rule 4 to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134,

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

## Discussion

### I. Factual Allegations

Petitioner Chad Lee Redder is incarcerated with the Michigan Department of Corrections at the Lakeland Correctional Facility (LCF) in Coldwater, Branch County, Michigan. Following a jury trial in the Kent County Circuit Court, Petitioner was convicted of three counts of first-degree criminal sexual conduct (CSC-I), in violation of Mich. Comp. Laws MCL § 750.520b(2)(b). *People v. Redder*, No. 349200, 2020 WL 7635452, at *1 (Mich. Ct. App. Dec. 22, 2020). On May 16, 2019, the trial court sentenced Petitioner to 25 to 50 years' imprisonment on each count, to be served concurrently. *Id.*; MDOC Offender Tracking Information, https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=573380 (last visited Sept. 27, 2024).

The Michigan Court of Appeals described the facts underlying Petitioner's convictions as follows:

> This case arose out of defendant's sexual touching of his two stepdaughters, JH and KH. KH testified that defendant "put his fingers inside of [her] vagina"; "licked" her vagina on multiple occasions; continually asked her to "set her vagina on his face"; and told her to put his penis in her mouth, which she did. JH testified that defendant would tickle her, lift up her shirt, and touch her breast. Defendant also would reach into her pants and rub under her underwear line. This occurred "very often," "once a week, once every other week." JH additionally testified that defendant rubbed a "silver bullet" vibrator up and down her neck and by her clitoris four or five times.

*Redder*, 2020 WL 7635452, at *1.

3

Petitioner, with the assistance of counsel, directly appealed his convictions and sentences to the Michigan Court of Appeals, claiming that the prosecutor committed misconduct by referencing Larry Nassar during closing argument. (Pet., ECF No. 1, PageID.2.) On December 22, 2020, the Michigan Court of Appeals affirmed the judgment of the Kent County Circuit Court. *Redder*, 2020 WL 7635452, at *3. Petitioner's application for leave to appeal to the Michigan Supreme Court was denied on June 1, 2021. (ECF No. 1, PageID.3.)

On October 21, 2021, Petitioner filed a motion for relief from judgment with the Kent County Circuit Court. Register of Actions, *People v. Redder*, No. 18-05188 (Kent Cnty Cir. Ct.) https://www.accesskent.com/CNSearch/appStart.action (select "Criminal Case Search," enter First Name "Chad," enter Last Name "Redder," enter Year of Birth "1971," complete reCAPTCHA, select "Search Criminal Cases," select Case Number "18-05188-FC") (last visited Oct. 22, 2024). On November 22, 2023, the trial court denied Petitioner's motion. *Id.* Petitioner subsequently filed a delayed application for leave to appeal on February 13, 2024, Case Information, https://www.courts.michigan.gov/c/courts/coa/case/369751 (last accessed Oct. 24, 2024), which was denied by the Michigan Court of Appeals on July 31, 2024, "because defendant has failed to establish that the trial court erred in denying the motion for relief from judgment." *People v. Redder*, Docket No. 369751 (Mich. Ct. App. Jul. 31, 2024).

On September 23, 2024, Petitioner filed an application for leave to appeal with the Michigan Supreme Court. Case Information, https://www.courts.michigan.gov/c/courts/coa/case/369751. The Michigan Supreme Court has yet to rule on Petitioner's application. *Id.*

4

However, prior to filing his application for leave to appeal with the Michigan Supreme Court, on September 18, 2024, [2] Petitioner filed his habeas corpus petition and brief (ECF Nos. 1 & 2), as well as a "motion to hold habeas petition in abeyance" (ECF No. 3). The petition raises five grounds for relief, as follows:

  I. The prosecutor committed prosecutor misconduct in making reference to Larry Nassar during closing arguments which deprived Mr. Redder of a fair trial and due process of law pursuant to U.S. Constitutional Amendment V, XIV; Michigan Const. 1963, Art 1 § 17.

  II. The Petitioner[']s right to effective assistance of counsel was violated where trial counsel did not object to the prosecutor violating the Petitioner[']s 5th and 14th Amendment rights to a fair trial, where it was denied by the prosecutor erroneously bolstered the Complainants['] credibility by introducing inadmissible hearsay, inadmissible evidence and prejudicial improper vouching.[3]

  III. The Petitioner[']s 6th and 14th Amendment rights to a fair trial were violated when trial counsel did not object to prosecutor misconduct when the prosecutor engaged in unduly prejudicial misconduct, for either or all of the following:

   A. The prosecutor elicited unsworn testimony

   B. The prosecutor impermissibly used Mr. Redder's character to obtain a conviction

   C. The prosecutor impermissibly shifted the burden of proof while vouching for both complainants['] credibility

  IV. The trial court errored [sic] in accessing $1,502.30 in restitution for counseling in regards [sic] to [KH] and [JH] to be paid to Veronica Verduin resulting in an illegal and invalid restitution order by the Kent County Circuit Court, in the alternative trial counsel was ineffective at sentencing for failing to object to this restitution.

---

[2] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner did not supply that date. However, Petitioner signed his original application September 18, 2024, and the Court uses that date as the filing date. (Pet., ECF No. 1, PageID.5.)

[3] Petitioner has included two grounds for habeas relief labeled as "I." For clarity, the Court has renumbered Petitioner's ground for relief.

5

      V.      The Petitioner was denied effective assistance of counsel at trial, sentencing, and appeal.

(Br., ECF No. 2, PageID.9–10.)

## II. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138–39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Here, Petitioner contends that he "has exhausted all state remedies available to him in regards [sic] to his first issue" (ECF No. 1, PageID.2); however, he acknowledges that his remaining claims—ground II through V—are unexhausted. Indeed, Petitioner has moved the Court to enter an order staying these proceedings and holding them in abeyance until he has exhausted those claims presently pending before the Michigan Supreme Court. (ECF No. 3.)

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss

6

mixed petitions without prejudice to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice might, in some cases, effectively preclude future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition.

To avoid this result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to such mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a petition that contains unexhausted claims could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines*, 544 U.S. at 277 (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). As noted above, the Michigan Supreme Court denied Petitioner's application for leave to appeal on June 1, 2021. Petitioner did not petition the United States Supreme Court for certiorari. The one-year limitations period, however, did not begin to run until the period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332–33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). Because the Michigan Supreme Court entered the order denying discretionary review before July 19, 2021, and Petitioner's petition for certiorari was due

on or after March 19, 2020, the period to file a petition for certiorari was 150 days.[4] The 150-day period expired on October 29, 2021. Thus, absent tolling, Petitioner would have one year, until October 29, 2022, in which to file his federal habeas petition. October 29, 2022, was a Saturday; therefore, Petitioner was required to file his habeas petition on or before October 31, 2022. Fed. R. Civ. P. 6(a)(3). Petitioner filed this action on September 18, 2024.

The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a petitioner petitions for writ of certiorari in the United States Supreme Court. *Id.* at 332.

Here, Petitioner filed his motion for relief from judgment pursuant to Rule 6.500 on October 21, 2021. Register of Actions, *People v. Redder*, No. 18-05188-FC (Kent Cnty Cir. Ct.). Petitioner's appeal from the denial of that motion remains pending in the Michigan Supreme Court. Case Information, *People v. Redder*, No. 167604 (Mich.) https://www.courts.michigan.gov/c/courts/coa/case/369751 (Oct. 22, 2024). Thus, so long as proceedings on Petitioner's Rule 6.500 motion remain pending, the time will not count against him. However, after the Michigan Supreme Court rules on Petitioner's application for leave to appeal, the statute of limitations will run.

Given that Petitioner filed his motion for relief from judgment before the time had expired for Petitioner to file a petition for writ of certiorari to the United States Supreme Court, Petitioner's

---

[4] *See Rules of the Supreme Court of the United States-Miscellaneous Order addressing the Extension of Filing Deadlines [COVID-19]*, 334 F.R.D. 801 (2020) (extending the period to file a petition for certiorari from 90 days to 150 days for petitions due on or after March 19, 2020); *Miscellaneous Order Rescinding COVID-19 Orders*, 338 F.R.D. 801 (2021) (rescinding the extension for orders denying discretionary review issued on or after July 19, 2021).

one-year period of limitations has not yet begun to run. The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state court remedies. *Palmer*, 276 F.3d at 781; *see also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).

Petitioner has more than 60 days remaining in his limitations period. If Petitioner promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations. Therefore, a stay of these proceedings is not warranted, and the Court will deny Petitioner's motion (ECF No. 3) for that relief. Instead, the Court will dismiss the petition for failure to exhaust available state court remedies. Should Petitioner decide not to pursue his unexhausted claims in the state courts, he may file a new petition raising only exhausted claims at any time before the expiration of the limitations period.

### III.     Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court has concluded that Petitioner's application is properly denied for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at

least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

The Court finds that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied. Moreover, although Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter an order and judgment dismissing the petition for failure to exhaust state court remedies, denying Petitioner's motion to stay and hold his amended habeas petition in abeyance (ECF No. 3), and denying a certificate of appealability.

Dated:   October 24, 2024                    /s/ Ray Kent
                                              Ray Kent
                                              United States Magistrate Judge